**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathryn Volz, | No. CV-11-1402-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Safeway Stores Incorporated,, | |
| Defendant. | |

Plaintiff Cathryn Volz commenced this action by filing a pro se complaint against Defendant Safeway Stores Incorporated on July 15, 2011. Doc 1. Plaintiff has also filed a motion for leave to proceed in forma pauperis. Doc. 2. For the following reasons, the Court will dismiss the complaint in its entirety without prejudice for lack of subject matter jurisdiction and deny Plaintiff's motion for leave to proceed in forma pauperis.

**I.  Background.**

Plaintiff alleges in her complaint that she slipped and fell while shopping at Safeway Store No. 413 in Phoenix, Arizona on July 19, 2009. Plaintiff further alleges that she suffered injuries as a result of the slip and fall.

**II.  Dismissal of the Complaint for Lack of Jurisdiction.**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount

in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a).

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377. To overcome that presumption, the plaintiff must provide a statement of the grounds for the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a) ("A pleading . . . must contain (1) a short and plain statement of the grounds for the court's jurisdiction[.]").

Plaintiff's complaint contains no statement of the basis for jurisdiction. Doc. 1. The complaint alleges that Plaintiff is a resident of Arizona and that all of Defendant's actions took place within Arizona, Doc. 1, but these statements are not sufficient to invoke the Court's jurisdiction. Plaintiff's claims are not brought under any identified federal statute. *See* 28 U.S.C. § 1331. Nor does the complaint assert that the parties are citizens of different states. *See* 28 U.S.C. § 1332(a).

A federal court "may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler*, 714 F.2d at 78-79 (citing *Mansfield, Coldwater & Lake Mich. R.y. v. Swan*, 111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added)). Plaintiff has not shown that her claim against Safeway is subject to federal question or diversity jurisdiction. The Court will dismiss the complaint against Defendant Safeway *sua sponte* for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that did not state a federal cause of action).

**III.    Leave to Amend the Complaint.**

"The court should freely give leave [to amend a pleading] when justice so requires."

Fed. R. Civ. P. 15; *see* 28 U.S.C. § 1653 (authorizing amendment of pleadings to cure defective jurisdictional statement). In the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly invokes the Court's jurisdiction. Plaintiff shall have until **Friday, August 19, 2011,** to file an amended complaint.

The Court is required to give some guidance to a pro se plaintiff regarding the deficiencies of dismissed claims in a complaint. *Karim-Panahi*, 839 F.2d at 625. Plaintiff's complaint has failed adequately to state the basis on which this Court may exercise jurisdiction over her claims against the Defendant. Plaintiff is advised that her amended complaint must include a "short and plain statement of the grounds" for this Court's jurisdiction over each claim against each Defendant. Fed. R. Civ. P. 8(a). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if (a) the complaint alleges a federal claim ("federal question jurisdiction") or (b) the amount in controversy exceeds $75,000 and the parties are citizens of different states ("diversity jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332(a).

The Court has diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000 pursuant to 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity between the parties. *See, e.g., Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68

(1996). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Id.* In determining the existence of diversity jurisdiction, "corporations are citizens of both the state where they are incorporated and the state where they have their principal place of business." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); 28 U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

The Court also has subject matter jurisdiction over cases involving federal questions pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 does not itself create federal jurisdiction; it "confers jurisdiction only where a federal question is otherwise at issue." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980). In general, a federal question invokes a "right or immunity created by the Constitution or laws of the United States." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). That federal right or immunity "must be an element, and an essential one, of the plaintiff's cause of action." *Id.* While it is not an infallible rule, if federal law creates the cause of action, federal question jurisdiction will generally lie. *Murphey v. Lanier*, 204 F.3d 911, 912 (9th Cir. 2000); *see Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

**A.    Amended Complaint.**

**1.    Diversity of citizenship.**

If Plaintiff intends to invoke diversity as the basis for this Court's jurisdiction over her claims against Defendant Safeway, she must allege both that Plaintiff's citizenship is diverse from that of Defendant Safeway and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). To that end, Plaintiff must include in her complaint a statement of: (a) her own state citizenship; (b) the citizenship of Defendant Safeway (both Safeway's state of incorporation and the state of Safeway's principal place of business); and (c) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a), (c)(1). Plaintiff is directed to

Form 7 of the Appendix of the Federal Rules of Civil Procedure for a well-pleaded jurisdictional statement.

### 2. Federal questions.

If Plaintiff intends to invoke federal question jurisdiction in this Court, Plaintiff must in good faith allege claims against Defendant Safeway "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff must explicitly assert a claim against Defendant on the basis of a *federal* statute, the *federal* Constitution, etc. Plaintiff is directed to Form 7 of the Appendix of the Federal Rules of Civil Procedure for a well-pleaded jurisdictional statement.

### IV. Plaintiff's Obligations.

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office (www.law.cornell.edu/rules/frcp/ and www.azd.uscourts.gov). For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various causes of action – "suffice under the[] rules and illustrate the simplicity and brevity that the[] rules contemplate." Fed. R. Civ. P. 84.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for

failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice for lack of subject matter jurisdiction.
2. Plaintiff has until **August 19, 2011** to file an amended complaint consistent with this order.
3. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied without prejudice**.
4. The Clerk of Court shall **terminate** this action without further notice if Plaintiff fails to comply with this deadline.

DATED this 22nd day of July, 2011.

David G. Campbell
United States District Judge